UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TANYA NEMCIK,

    Plaintiff,

v.

JILL C. FANNIN, et al.,

    Defendants.

Case No. 18-cv-05120-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 10

Before the Court is the motion to dismiss filed by Defendants Judge Jill Fannin and Judge Susanne Fenstermacher of the Superior Court of California, Contra Costa County. ECF No. 10. The Court will grant the motion.

## I. BACKGROUND

Plaintiff Tanya Nemcik brings this pro se action against Defendants based on acts that allegedly occurred in connection with Nemcik's state-court child custody proceeding. ECF No. 1 ¶ 1 ("Compl."). Over the course of proceedings between 2009 and 2012, Judge Fenstermacher awarded custody of Nemcik's two children to their father. ECF No. 1-1 at 37. Nemcik alleges that the paternal grandfather bribed Judge Fenstermacher to obtain this result. Compl. ¶ 3.

In June 2013, the California Court of Appeal reversed Judge Fenstermacher's order denying Nemcik's request to modify the custody and visitation order, concluding that the trial court had applied an incorrect standard. *See* ECF No. 1-1 at 38-41. Nemcik alleges that Judge Fannin held a trial in her case starting in October 2013, but never addressed the issues in the Court of Appeal's remand order. Compl. ¶¶ 12-14.

Nemcik further alleges that Judge Fenstermacher's adverse custody order proximately caused her to experience a disability. *Id.* ¶ 15. According to Nemcik, Judge Fannin was aware of

this disability but denied her access to an approved emotional support person during subsequent proceedings. *Id.* ¶¶ 16-18.

On August 21, 2018, Nemcik sued Defendants in federal court, raising five causes of action. First, Nemcik alleges a claim for retaliation under the Americans with Disabilities Act ("ADA"), stating that she filed a complaint against Judge Fenstermacher with the Commission on Judicial Performance ("CJP") and that Defendants retaliated against her by entering adverse custody orders and committing various procedural violations in her case. *Id.* ¶¶ 28-55. Second, Nemcik alleges that Judge Fannin violated the ADA by denying her reasonable accommodations in the courtroom. *Id.* ¶¶ 56-67. Third, Nemcik brings a 42 U.S.C. § 1983 claim against Judge Fannin for the same alleged ADA violations, as well as the deprivation of her constitutional rights to familial association stemming from the adverse custody order. *Id.* ¶¶ 68-77. Fourth, Nemcik alleges a § 1983 claim against Defendants for intentional infliction of emotional distress, based on the above conduct. *Id.* ¶¶ 78-84. Nemcik's final claim, also under § 1983, is that Defendants violated her First Amendment right to petition for redress by frustrating her attempts to obtain judicial relief. *Id.* ¶¶ 85-90.

Nemcik seeks compensatory damages of approximately $10 million. *Id.* ¶¶ 91-95. Nemcik also requests equitable relief barring Defendants from any further association with her custody proceedings. *Id.* ¶¶ 54, 96.

On September 11, 2018, Defendants filed this motion to dismiss. ECF No. 10.[1]

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life*

---

[1] In the course of briefing this motion, Nemcik filed a sur-reply, ECF No. 16, without first seeking the Court's approval, contrary to Civil Local Rule 7-3(d). Because Nemcik is proceeding pro se, the Court construes this filing as a motion for leave to file a sur-reply, which the Court grants.

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

In reviewing Nemcik's complaint and opposition to the motion to dismiss, the Court is mindful that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, even under this lenient standard, the Court concludes that Nemcik's complaint must be dismissed.

### A. Rooker-Feldman Doctrine

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Thus, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks

3

relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Because "state courts are as competent as federal courts to decide federal constitutional issues," this rule applies even where "the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). The doctrine applies to both final and non-final state court decisions. *Id.* at 893 n.3.

Under the *Rooker-Feldman* doctrine, "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal [and,] [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court." *Noel*, 341 F.3d at 1158. "A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (internal quotation marks and citations omitted). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, the *Rooker-Feldman* doctrine bars most of Nemcik's claims. The primary factual bases for Nemcik's complaint arise from the state court's adjudication of her custody proceedings, and those claims are therefore "contingent upon a finding that the state court decision was in error." *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012). Nemcik's retaliation, negligence, intentional infliction of emotional distress, and First Amendment claims are all premised on the adverse custody orders and procedural violations alleged to have occurred during the proceedings. *See Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989) (under *Rooker-Feldman*, district courts lack subject-matter jurisdiction to "scrutinize the state court's application of various rules and procedures pertaining to [the] case"), *superseded by rule on other grounds*, *as stated in Harmston v. City & Cty. of S.F.*, 627 F.3d 1273 (9th Cir. 2010). To the extent that Nemcik

disagrees with the conduct or the result of the proceedings, her relief lies with the state appellate courts. *See Dutton v. Superior Court of Cty. of San Mateo*, No. C-97-4557-VRW, 1997 WL 811784, at *1 (N.D. Cal. Dec. 16, 1997).

Moreover, the Court "must pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 899 (9th Cir. 2003) (citation omitted). The equitable relief that Nemcik seeks is an order disqualifying Defendants from further participation in her case. *See* Compl. ¶¶ 54, 96. The Court lacks the authority to order such relief. *See Dutton*, 1997 WL 811784, at *1. Moreover, Nemcik has already moved in state court to disqualify Judge Fannin. *See* ECF No. 1-1 at 67-71. *Rooker-Feldman* bars the Court from "instructing the state court to do what it refused to do when [Nemcik] made the identical claim before that court—to reassign h[er] case to a different [judge]." *Bianchi*, 334 F.3d at 899.

In Nemcik's opposition to the motion to dismiss, she also suggests that *Rooker-Feldman* does not apply because she is seeking to have this Court enforce compliance with the California Court of Appeal's decision. ECF No. 13 at 7; ECF No. 16 at 6. Even had Nemcik requested this relief in her complaint, it would transform this action into a "de facto appeal[]" of whether the state trial court had adequately complied with the appellate court's mandate. *Bianchi*, 334 F.3d at 899; *see also Ealy v. Rankin*, No. 3:08CV067, 2008 WL 2796063, at *1 (S.D. Ohio July 18, 2008) ("[T]he *Rooker–Feldman* doctrine would prevent this Court from adjudicating an assertion by the Plaintiff that the state court has failed to enforce its Order.").

However, to the extent Nemcik seeks damages for a failure to accommodate under the ADA, it is at least arguably not inextricably intertwined with the state court judgment. The exhibits to Nemcik's complaint indicate that she has filed an ADA grievance and objection with the Contra Costa County Superior Court, ECF No. 1-1 at 96-100, but the status of the grievance is unclear. Regardless, the Court need not decide whether this claim is barred by *Rooker-Feldman*, because the claim fails on other threshold grounds, as explained below.

Accordingly, the Court holds that it lacks subject-matter jurisdiction over Nemcik's claims under *Rooker-Feldman*, with the exception of the reasonable accommodation claim.

### B. ADA Reasonable Accommodation Claim

Even if not barred by *Rooker-Feldman*, Nemcik's reasonable accommodation claim

5

against Judge Fannin is fatally flawed.

First, Title II claims cannot be maintained against state officers in their individual capacities. *See Polley v. Davis*, No. 17-CV-03793-JST, 2018 WL 4352958, at *3 (N.D. Cal. Sept. 11, 2018) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc)); 42 U.S.C. § 12132.

Second, to the extent that Nemcik brings this claim against Judge Fannin in her official capacity, Judge Fannin is entitled to judicial immunity.

The doctrine of judicial immunity provides a "complete immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Judicial immunity does not apply to (1) "actions not taken in the judge's judicial capacity" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Whether a judge acts in a judicial capacity turns on "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Judicial immunity covers a "mistake of a judge in excess of his authority," as well as an "improper or erroneous act." *Id.* at 12. Allegations that the judge "act[ed] maliciously and corruptly" do not defeat judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Nemcik argues that Judge Fannin acted in an administrative rather than judicial capacity in denying her accommodation. ECF No. 13 at 7.[2] The Court disagrees.

The Ninth Circuit has identified four factors that indicate an act is performed in the judicial capacity: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the

---

[2] Because Nemcik's allegations are deficient even if Judge Fannin denied the requested accommodation, the Court does not reach Defendants' argument that Nemcik has not plausibly pleaded a willful disregard of her accommodation. ECF No. 11 at 16.

6

events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999) (citation omitted). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

As stated in Nemcik's complaint, Judge Fannin limited the proximity of Nemcik's ADA Support Person during a court hearing. Compl. ¶ 18. The act thus occurred while Judge Fannin was "exercising control over the courtroom while court is in session." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). The exercise of control over the courtroom "is a normal judicial function." *Id.* Similarly, that the action occurred during a hearing in Nemcik's case indicates that the second and third factors are met. Finally, Nemcik was clearly dealing with Judge Fannin in "her official capacity." *Meek*, 183 F.3d at 967; *see also Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *7 (N.D. Cal. Aug. 16, 2016) (collecting cases in which "courts have held that ruling on an accommodation request is a judicial function protected by judicial immunity").

Therefore, the Court concludes that judicial immunity bars Nemcik's remaining ADA claim.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss without prejudice. Nemcik's complaint is hereby dismissed with leave to amend.

Nemcik may file an amended complaint, not later than thirty days from the date of this order. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Nemcik will not be allowed to pursue this action any further.

Nemcik may wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se. These materials include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded at

---

[3] The Court does not reach Defendants' remaining arguments.

7

https://cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

Nemcik may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both offices by appointment only.

**IT IS SO ORDERED.**

Dated: December 17, 2018



JON S. TIGAR
United States District Judge