UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA NEMCIK,<br><br>        Plaintiff,<br><br>    v.<br><br>JILL C. FANNIN, et al.,<br><br>        Defendants. | Case No. 18-cv-05120-JST<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 21 |

Before the Court is a motion to dismiss pro se Plaintiff Tanya Nemcik's second amended complaint[1] filed by Defendants Judge Jill Fannin and Judge Susanne Fenstermacher of the Superior Court of California, Contra Costa County. ECF No. 21. The Court will grant the motion.[2]

**I. BACKGROUND**

The background of this case is set forth in greater detail in the Court's prior order dismissing Nemcik's initial complaint. *See* ECF No. 18. In brief, Nemcik's allegations concern actions taken by Judge Fannin and Judge Fenstermacher during Nemcik's state-court child custody proceeding. *Id.* at 1-2.

On August 21, 2018, Nemcik sued Defendants in federal court, raising five causes of action. First, Nemcik alleged a claim for retaliation under the Americans with Disabilities Act

---

[1] Although Nemcik has amended her complaint only once, she has styled it as a "Second Amended Complaint," ECF No. 20, and the parties refer to it as the second amended complaint in their briefing. The Court does the same here for clarity.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this case suitable for disposition without oral argument. Accordingly, the Court hereby vacates the hearing currently scheduled for March 7, 2019.

("ADA"), stating that she filed a complaint against Judge Fenstermacher with the Commission on Judicial Performance and that Defendants retaliated against her by entering adverse custody orders and committing various procedural violations in her case. Complaint, ECF No. 1 ¶¶ 28-55. Second, Nemcik alleged that Judge Fannin violated the ADA by denying her reasonable accommodations in the courtroom. *Id.* ¶¶ 56-67. Third, Nemcik brought a 42 U.S.C. § 1983 claim against Judge Fannin for the same alleged ADA violations, as well as the deprivation of her constitutional rights to familial association stemming from the adverse custody order. *Id.* ¶¶ 68-77. Fourth, Nemcik alleged a § 1983 claim against Defendants for intentional infliction of emotional distress, based on the above conduct. *Id.* ¶¶ 78-84. Nemcik's final claim, also under § 1983, was that Defendants violated her First Amendment right to petition for redress by frustrating her attempts to obtain judicial relief. *Id.* ¶¶ 85-90.

On December 17, 2018, the Court granted Defendants' motion to dismiss. ECF No. 18. The Court concluded that the *Rooker-Feldman* doctrine barred Nemcik's claims based on the adjudication of her custody proceedings, including her ADA retaliation, negligence, intentional infliction of emotional distress, and First Amendment claims. *Id.* at 4-5. The Court further held that Judge Fannin was entitled to judicial immunity on Nemcik's ADA reasonable accommodation claim. *Id.* at 6-7. Given Nemcik's pro se status, the Court granted leave to amend. *Id.* at 7.

On January 15, 2019, Nemcik filed her Second Amended Complaint ("SAC"). ECF No. 20. In her amended complaint, Nemcik alleges that Defendants did not allow her to have her support person present during hearings on September 23, 2014, and December 3, 2014. *Id.* at 2. Nemcik further contends that this was part of a broader pattern of conduct which denied her "access and full participation in the courts" between September 2010 and October 2017. *Id.* Nemcik brings claims for (1) failure to provide reasonable accommodations under the ADA; (2) failure to provide equal access to public services under the ADA; (3) deprivation of rights under § 1983; and (4) retaliation under the ADA. *Id.* at 4-18.

Defendants filed a motion to dismiss on January 29, 2019. ECF No. 21.

1   **II.     LEGAL STANDARD**

2       **A.     Federal Rule of Civil Procedure 12(b)(1)**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

    **B.     Federal Rule of Civil Procedure 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

**III.    DISCUSSION**

In reviewing Nemcik's second amended complaint and opposition to the motion to dismiss, the Court is mindful that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, even under this lenient standard, the Court concludes that Nemcik has failed to cure the defects identified in the Court's prior order.

1	First, the Court has already held that Nemcik's claims are barred to the extent they are
2	"premised on the adverse custody orders and procedural violations alleged to have occurred during
3	the proceedings." ECF No. 18 at 4; *see also Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir.
4	1989) (under *Rooker-Feldman*, district courts lack subject-matter jurisdiction to "scrutinize the
5	state court's application of various rules and procedures pertaining to [the] case"), *superseded by*
6	*rule on other grounds*, *as stated in Harmston v. City & County of San Francisco*, 627 F.3d 1273
7	(9th Cir. 2010). As stated in the SAC, part of the basis for Nemcik's § 1983 claim is that
8	Defendants' actions tainted the fairness of her child custody proceedings and the adverse outcome
9	of those proceedings caused Nemcik to "suffer[] irreparable harm, loss of job, loss of custody and
10	companionship with her children," among other things. SAC at 13-14.[3] Similarly, the acts of
11	retaliation that Nemcik alleges in support of her ADA retaliation claim include adverse orders in
12	the custody proceeding. *See id.* at 15-17. These allegations are "inextricably intertwined" with
13	the conduct of state-court proceedings, and the Court therefore lacks jurisdiction to adjudicate
14	them. *See Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

15	Second, the Court previously explained that ADA "Title II claims cannot be maintained
16	against state officers in their individual capacities." ECF No. 18 at 6 (citing *Polley v. Davis*, No.
17	17-CV-03793-JST, 2018 WL 4352958, at *3 (N.D. Cal. Sept. 11, 2018); *Vinson v. Thomas*, 288
18	F.3d 1145, 1156 (9th Cir. 2002)). The Court further held that claims against Judge Fannin in her
19	official capacity were barred by judicial immunity, concluding that she acted in a judicial capacity
20	when exercising control over her courtroom. ECF No. 18 at 6-7; *see also Nemcik v. Mills*, No. 16-
21	CV-00322-BLF, 2016 WL 4364917, at *7 (N.D. Cal. Aug. 16, 2016) (collecting cases in which
22	"courts have held that ruling on an accommodation request is a judicial function protected by
23	judicial immunity"). Nemcik's SAC does not allege new facts that, if true, would lead to a
24	different conclusion. *Cf.* SAC at 6-7.

25	In her opposition, Nemcik points to Congress's ability to abrogate Eleventh Amendment

---

[3] To the extent Nemcik's § 1983 claim is premised on ADA violations, it lacks merit because "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

4

immunity. ECF No. 22 at 8-9. While Congress exercised that authority in enacting the ADA – and Title II in particular, *see Tennessee v. Lane*, 541 U.S. 509, 533 (2004) – it did not abrogate judicial immunity for ADA claims, *see, e.g.*, *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)). Nemcik's attempt to argue the *qualified* immunity standard is similarly misplaced. *See* ECF No. 22 at 9 (citing *Twin Sisters Gun Club v. Emlen*, No. 217CV01526MCEGGH, 2018 WL 1335394, at *11 (E.D. Cal. Mar. 15, 2018) (denying qualified immunity)).

Nemcik's only relevant argument on this point is that judicial immunity does not apply because Defendants acted unconstitutionally. ECF No. 22 at 9. But judicial immunity covers constitutional claims as well. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (applying judicial immunity to claim that defendants "conspired to deprive [plaintiff] of his constitutional right to access the courts"). Nor do Nemcik's bare contentions of malice and corruption deprive Defendants of judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Accordingly, the Court again holds that judicial immunity forecloses Nemcik's ADA claims for damages, to the extent they are not already barred by the *Rooker-Feldman* doctrine.

Finally, the Court notes that it is unclear from the SAC whether Nemcik seeks injunctive relief on her reasonable accommodation and equal access claims. Assuming she does, such claims are not barred by judicial immunity. *See Eggar v. City of Livingston*, 40 F.3d 312, 317 (9th Cir. 1994) ("[A] state judge does not enjoy judicial immunity from unconstitutional behavior when the facts are sufficient to grant a party declaratory or injunctive relief against a judge." (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)). However, Nemcik lacks standing to pursue injunctive relief against Defendants because her allegations do not demonstrate a "real and immediate danger of sustaining direct injury from [their] conduct." *Id.* at 316. As Nemcik acknowledges, Judge Fenstermacher and Judge Fannin "are no longer assigned to the family court division." ECF No. 22 at 5. The mere possibility that either might be reassigned to that division, and to Nemcik's case in particular, is too speculative to support standing for injunctive relief. *See Eggar*, 40 F.3d at

316-17.[4]

Because the analysis set forth above is dispositive, the Court need not reach the parties' remaining arguments.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. At this stage, it is clear that further amendment would be futile. Accordingly, the Court will dismiss the case with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 20, 2019



JON S. TIGAR
United States District Judge

---

[4] To the extent that Nemcik's complaint indicates that there are ongoing ADA disputes with other members of the County of Contra Costa Superior Court, those individuals are not before this Court.